IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 10, 2021

**STATE OF TENNESSEE v. COLTON DANIEL PERRYMAN**

**Appeal from the Circuit Court for Giles County**
**No. 14197     Stella L. Hargrove, Judge**
_____

**No. M2020-00357-CCA-R3-CD**
_____

The Defendant, Colton Daniel Perryman, entered a no contest plea to two counts of voluntary manslaughter and one count of tampering with evidence. He agreed to serve a split-confinement sentence of two years in confinement and twelve years on supervised probation. A revocation warrant was issued, and following a hearing, the trial court found that the Defendant violated the terms of his probation, revoked his probation, and ordered him to serve his sentence in confinement. On appeal, the Defendant contends that the trial court abused its discretion by ordering him to serve his sentence in confinement. We affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Brandon E. White (on appeal), Columbia, Tennessee; and Claudia Jack (at hearing), District Public Defender; and Hershell Koger (at hearing), Assistant Public Defender for the appellant, Colton Daniel Perryman.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and Rebecca S. Parsons, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The Defendant, Colton Daniel Perryman, entered a no contest plea on April 22, 2019, in the underlying case to two counts of voluntary manslaughter and one count of

tampering with evidence. He agreed to serve a split-confinement sentence of two years in confinement and twelve years on supervised probation. A violation of probation warrant was issued on November 18, 2019, alleging that the Defendant violated the conditions of his probation by leaving the probation office without permission and without submitting to a required drug screen.

At the revocation hearing, the Defendant's probation officer, Ms. Stephanie Wilburn testified that on November 6, 2019, she instructed the Defendant to take a drug screen at the probation office during one of his reporting dates. The Defendant informed her that he did not think he would pass the drug screen. He sat down in the lobby, but Ms. Wilburn noticed he left the probation office when she went to check on him after approximately fifteen to twenty minutes. Ms. Wilburn testified that the Defendant reported to her office a week later, and that, during their meeting, he informed her for the first time that he had a drug problem.

Ms. Wilburn testified that the Defendant was required to pay $100 per month, but he had not provided receipts of those payments other than a $40 payment he made. She explained that the Defendant never missed a report date and that the probation office was always able to complete his home visits. In response to questioning by the trial court, Ms. Wilburn testified that the Defendant tested negative during drug screens in May and June of 2019.

At the conclusion of the hearing, the State informed the trial court that the refusal to take a drug screen is considered "a positive" in its jurisdiction. The trial court summarized the evidence, and it found that the Defendant violated the conditions of his probation. In its summary of the evidence, the trial court discussed the Defendant's negative drug screens in May and June in relation to his claim that he had developed a drug problem. The trial court stated, "He walks along through May and June and I don't know if it was luck or what it was, he is negative. He is all of a sudden . . . having an issue when he is drug tested on the 6th of November of last year." The trial court stated that it was "skeptical," and it elaborated that "[t]here is something missing here." The trial court found that it had not heard from the Defendant, and it acknowledged that he had the right to not testify. The trial court revoked the Defendant's probation in full and ordered him to serve his sentence in confinement.

## ANALYSIS

On appeal, the Defendant does not challenge the trial court's finding that he violated the terms of his probation. Rather, he challenges the trial court's order requiring him to serve his sentence in confinement. He maintains that the trial court should have reinstated him to probation after ordering him to complete a rehabilitation program first.

A trial court has the discretion to revoke probation if it finds by a preponderance of the evidence that a defendant violated the conditions of probation. *See* T.C.A. §§ 40-35-310, -311(e); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). An abuse of discretion in revoking a defendant's probation occurs only where there is "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. A trial court finding that a defendant has violated the conditions of probation is statutorily authorized to: "(1) order confinement; (2) order execution of the sentence as originally entered; (3) return the Defendant to probation on appropriate modified conditions; or (4) extend the Defendant's probationary period by up to two years." *State v. Brandon L. Brawner*, No. W2013-01144-CCA-R3-CD, 2014 WL 465743, at *2 (Tenn. Crim. App. Feb. 4, 2014) (citing T.C.A. §§ 40-35-308(a), (c), -310, -311(e)(1); *State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999)). In exercising its authority, a trial court has no obligation to provide a defendant already on probation "'a second grant of probation or another form of alternative sentencing.'" *State v. Tracy Arnold*, No. W2018-00307-CCA-R3-CD, 2018 WL 6266279, at *1 (Tenn. Crim. App. Nov. 30, 2018), *perm. app. denied* (Tenn. Mar. 28, 2019) (citation omitted).

The record supports the trial court's order requiring the Defendant to serve his sentence in confinement. The Defendant was alleged to have violated his probation by leaving the probation office without permission before giving a required drug screen. Ms. Wilburn testified that the Defendant informed her at his report date on November 6, 2019, that he did not think he would pass a drug screen. After Ms. Wilburn instructed the Defendant to take the drug screen, he sat down in the probation office's lobby but left the office without permission and without taking a drug screen. The Defendant informed Ms. Wilburn that he had a drug problem when he reported a week later, but the trial court was "skeptical" of his claim because the Defendant passed drug screens in May and June. The trial court considered the evidence presented at the hearing, found that the Defendant violated the terms of his probation, and ordered him to serve his sentence in confinement. The trial court's decision was within its statutory authority to make. *See* T.C.A. §§ 40-35-308(a), (c); -310; -311(e)(1). We conclude that the trial court did not abuse its discretion and that the Defendant is not entitled to relief on this issue.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. We, therefore, affirm the

judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE